UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT INTIHAR

       Plaintiff,

v.                            Case No: 2:13-cv-720-FtM-29UAM

CITIZENS         INFORMATION
ASSOCIATES, LLC,

       Defendant.

_____

**ORDER**

This matter comes before the Court on plaintiff's Motion for Remand and Motion for Award of Attorneys' Fees (Doc. #9) filed on October 22, 2013.  Defendant filed a Response and Memorandum of Law in Opposition (Doc. #14) on October 24, 2013.  Plaintiff seeks a remand based on defendant's failure to establish the requisite amount in controversy at the time of removal.

On the face of the Complaint (Doc. #2), plaintiff seeks the state jurisdictional amount of $15,000.00, and does not otherwise plead a specific amount of damages.  Plaintiff does allege that the defamatory statements of defendant exposed plaintiff "to hatred, contempt, and ridicule. . .physical distress, mental anguish, anxiety, worry, grief, embarrassment, humiliation, indignity, fear, shame, damage to his good name and reputation, mortification, damage in his business and profession, loss of

business relationships, loss of family standing, loss of employment opportunities". (Doc. #2, ¶¶ 18, 23.) When the amount in controversy is not apparent on the face of the Complaint, the Court looks to the Notice of Removal and defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In doing so, defendant may use affidavits, declarations, or other documentation. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

Defendant filed the Notice of Removal (Doc. #1) on the basis of the diversity of citizenship, and an amount in controversy exceeding $75,000. Defendant attached the Affidavit of Joseph Centrich, Esq. (Doc. #1-4, Exh. D) stating that plaintiff's counsel made an oral demand for an amount exceeding $75,000, and therefore the requisite amount in controversy was met.

A settlement offer can constitute "other paper" under 28 U.S.C. § 1446(b). Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007). A "settlement offer, by itself, may not be determinative, [but] it counts for something. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide

specific information. . . to support [the plaintiff's] claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)(internal quotation marks and citations omitted)(alterations in original).

In a second Affidavit of Joseph Centrich, Esq. (Doc. #14-1, Exh. A)[1] counsel more specifically states that the amount conveyed by plaintiff's counsel was $200,000, and when asked how the sum was reached, plaintiff's counsel responded that it was due to the serious nature of the alleged defamatory statements, including drug possession charges, the nature of plaintiff's community and the impact the statements had on his business reputation and opportunities, and both Plaintiff and his wife had their careers put in jeopardy. (Id., ¶ 8.)  Given the nature of the claim, the type of damages sought, and the specifics provided by plaintiff's counsel with regard to the settlement offer, the Court finds that

---

[1] Defendant also filed the Affidavit of Scott Konpka, Esq. (Doc. #14-3, Exh. C) indicating that plaintiff's counsel was e-mailed on the date the Motion to Remand was filed and counsel refused to stipulate to an amount less than $75,000.  Post-removal evidence may be considered "only if relevant to that period of time."  Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000)(quoting Allen v. R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).  The request for a stipulation was made after removal and after the motion to remand was filed with the Court. Therefore, the refusal to stipulate was not considered.

defendant has met its burden to establish the amount in controversy as of the time of removal.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Remand and Motion for Award of Attorneys' Fees (Doc. #9) is **DENIED**.

2. Plaintiff shall file a response to the pending Motion to Dismiss (Doc. #6) within **ten (10) days** of this Order.  (See Endorsed Order, Doc. #16.)

3. The parties shall hold their case scheduling conference within **ten (10) days** of this Order.  (See Endorsed Order, Doc. #23.)

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record