UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT INTIHAR

      Plaintiff,

v.                                  Case No: 2:13-cv-720-FtM-29CM

CITIZENS INFORMATION
ASSOCIATES, LLC,

      Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss (Doc. #6), filed on October 18, 2013. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. #25) on January 16, 2014.  For the reasons set forth below, the motion is granted in part and denied in part.

### I.

The Complaint alleges that defendant Citizens Information Associates, LLC ("defendant" or "CIA") operates mugshotsonline.com (the "website"), which "publishes and circulates mug shots and other information pertaining to arrests and criminal charges of residents of Charlotte County, Florida and Florida." (Doc. #2, ¶4.)  It is alleged that on or about August 5, 2013, CIA published untrue statements that plaintiff

Scott Intihar ("plaintiff" or "Intihar") had been arrested for possession of cocaine, possession and/or use of narcotic equipment, and possession of cocaine with an intent to sell. The Complaint alleges that the statements were false because plaintiff has never been arrested on any such charges, as defendant knew or should have known.  It is also alleged that the false statements were published to persons who accessed defendant's website, including plaintiff's family, friends, and other members of his community.  The Complaint further alleges that plaintiff made several requests that defendant remove the defamatory statements from the website, but defendant ignored the requests and/or demanded payment from plaintiff in exchange for the removal of the statements.  The Complaint sets forth one count of defamation and one count of defamation *per se* against defendant.

## II.

Defendant seeks to dismiss the Complaint with prejudice because plaintiff failed to provide written notice to defendant at least five days before filing suit, as required by Fla. Stat. § 770.01.  This statute provides: "Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article

or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01 (2012). Defendant asserts that this failure results in the lack of subject matter jurisdiction by this court and the failure to state a claim upon which relief may be granted.

## A. Subject Matter Jurisdiction

Defendant asserts that this court lacks subject matter jurisdiction because plaintiff failed to comply with the five day written notice requirement of Florida Statute § 770.01. (Doc. #6, pp. 3, 6). Defendant is incorrect, even if plaintiff failed to comply with § 770.01.

Subject matter jurisdiction relates to the court's authority to decide a case, and the Supreme Court has become increasingly conscious of distinguishing jurisdictional matters from the myriad of procedural requirements which are simply claim processing rules.

> Recognizing that the word "jurisdiction" has been used by courts, including this Court, to convey "many, too many, meanings," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted), we have cautioned, in recent decisions, against profligate use of the term. Not all mandatory "prescriptions, however emphatic, are ... properly typed jurisdictional," we explained in Arbaugh v. Y & H Corp., 546 U.S. 500, 510, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (internal quotation marks omitted). Subject-matter jurisdiction properly comprehended, we emphasized, refers to a tribunal's "power to hear a case," a matter that "can never be forfeited or waived." Id. at 514, 126 S. Ct. 1235 (quoting United States v. Cotton,

535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002)). In contrast, a "claim-processing rule...even if unalterable on a party's application," does not reduce the adjudicatory domain of a tribunal and is ordinarily "forfeited if the party asserting the rule waits too long to raise the point." Kontrick v. Ryan, 540 U.S. 443, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004).

Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 558 U.S. 67, 81 (2009).

"Jurisdiction" refers to "a court's adjudicatory authority." Kontrick v. Ryan, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004). Accordingly, the term "jurisdictional" properly applies only to "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority. Id.; see also Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("subject-matter jurisdiction" refers to "the courts' statutory or constitutional *power* to adjudicate the case" (emphasis in original)); Landgraf v. USI Film Prod., 511 U.S. 244, 274, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) ("[J]urisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties'" (quoting Republic Nat. Bank of Miami v. United States, 506 U.S. 80, 100, 113 S. Ct. 554, 121 L. Ed. 2d 474 (1992) (Thomas, J., concurring))).

Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160-61 (2010).

Here, the five day notice requirement is a "condition precedent," as the statute itself states and as defendant recognizes. (Doc. #6, pp. 4, 6.) See also Ross v. Gore, 48 So. 2d 412, 415 (Fla. 1950) ("It must be held, therefore, that the giving of notice in writing is a condition precedent to suit."); Canonico v. Callaway, 26 So. 3d 53, 54 (Fla. 2d DCA 2010)

(citations omitted) ("Providing notice is a condition precedent to filing suit."). Therefore the court has subject matter jurisdiction whether or not the condition was satisfied. To the extent the motion argues to the contrary, it is denied.

**B. Failure to State A Claim**

Defendant also asserts that both counts fail to state a claim upon which relief may be granted because of the failure to comply with the § 770.01 notice requirement. (Doc. #6, pp. 3.) The legal standards to review this issue are well settled. A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F. 3d 1276, 1291 (11th Cir. 2010). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a Complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of

truth," <u>Mamani v. Berzain</u>, 654 F. 3d 1148, 1153 (11th Cir. 2011)(citations omitted).

In general, failure to comply with such a statutory condition precedent requires dismissal, absent waiver or estoppel. <u>City of Coconut Creek v. City of Deerfield Beach</u>, 840 So. 2d 389, 393 (Fla. 4th DCA 2003). If sufficient time remains for compliance, dismissal is without prejudice and with leave to cure; otherwise, dismissal is with prejudice. <u>Id.</u> Florida law is clear that "[f]ailure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." <u>Mancini v. Personalized Air Conditioning & Heating, Inc.</u>, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997).

Under Florida law, a prospective plaintiff must give a putative defendant written notice at least five (5) days before bringing a civil defamation action "for publication or broadcast, in a newspaper, periodical, or other medium." Fla. Stat. § 770.01. Pleading such a condition precedent is a simple matter, and the Complaint can allege generally that all conditions precedent have occurred or been performed. Fed. R. Civ. P. 9(c); Fla. R. Civ. P. 1.120(c). No such allegation is contained in the Complaint, and the Complaint does not allege that written notice was in fact given.

6

The parties dispute, however, whether this notice provision applies to a defamation suit against a website operator such as defendant.   Defendant contends that it is entitled to pre-suit notice because the allegedly defamatory statements were made on the Internet, and the Internet is an "other medium" under § 770.01.   Plaintiff maintains that he was not required to give pre-suit notice because "other medium" applies only to television and radio broadcasters, not the Internet.

When the Florida Supreme Court found that a prior version of § 770.01 was constitutional, the statute required notice only in a libel suit "brought for publication, in a newspaper or periodical...."  Fla. Stat. § 770.01 (1950).  Ross, 48 So. 2d at 415.   The statute was amended in 1976 to (1) include slander suits as well as libel suits; (2) add "broadcasts" to "publication"; and (3) add "other mediums" to newspapers and periodicals.

The Florida appellate courts have held that this special notice requirement only applies to media defendants, Bridges v. Williamson, 449 So. 2d 400, 401 (Fla. 2d DCA 1984), which has been defined as defendants "engaged in the dissemination of news and information", Mancini, 702 So. 2d at 1380.  See Mancini at 1377 (part-time newspaper columnist is a media defendant); Davies v. Bossert, 449 So. 2d 418, 420 (Fla. 3d DCA 1984) (a private citizen making allegedly defamatory statements over a

citizen's band radio is not a media defendant); <u>Bridges</u>, 449 So. 2d at 401 (private individuals are not media defendants, even when their statements are published in a newspaper); <u>Gifford v. Bruckner</u>, 565 So. 2d 887, 889 (Fla. 2d DCA 1990) (aerial advertising firm towing an allegedly defamatory message on a banner behind an airplane is not a media defendant); <u>Zelinka v. Americare Healthscan, Inc.</u>, 763 So. 2d 1173, 1175 (Fla. 4th DCA 2000)(private individual posting allegedly defamatory statements on an Internet message board is not a media defendant).

No Florida appellate court has determined whether the website on which a company publishes information is an "other medium" within the meaning of § 770.01. One Florida appellate court stated: "It may well be that someone who maintains a web site and regularly publishes internet 'magazines' on that site might be considered a 'media defendant' who would be entitled to notice. <u>Zelinka</u> does not fall into that category; he is a private individual who merely made statements on a web site owned and maintained by someone else." <u>Zelinka</u>, 763 So. 2d at 1175. <u>See also</u> <u>Five for Entm't S.A. v. Rodriguez,</u> 877 F. Supp. 2d 1321, 1327 (S.D. Fla. 2012) (concluding that a musician and agent posting press releases on their personal websites are not media defendants). On the other hand, a website providing information to the consumer was held to be a media defendant in

_Alvi Armani Med., Inc. v. Hennessey_, 629 F. Supp. 2d 1302, 1308 (S.D. Fla. 2008).

The Court concludes that under the factual allegations of the Complaint, CIA is a media defendant which has made a publication or broadcast in another medium. The Complaint alleges that CIA is a business entity, and that it "publishes and circulates mug shots and other information that pertains to arrests and criminal charges..." on a website to the general public. The website may apparently be viewed by the general public, since plaintiff alleges that his family, friends, and community members have accessed the information. While plaintiff belittles the newsworthiness of the content of the website, arrest information is historically considered "news" and is routinely published in newspapers and other periodicals.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss (Doc. #6) is **GRANTED IN PART AND DENIED IN PART.**  The motion is denied to the extent that it seeks dismissal with prejudice for lack of subject matter jurisdiction.  The motion is granted to the extent that it seeks dismissal for failure to state a claim upon which relief may be granted.

2.  Dismissal is granted without prejudice and with leave to cure, either by filing an Amended Complaint correcting the

pleading deficiency, or by curing non-compliance with the condition precedent in § 770.01, within **fourteen (14) days** of this Opinion and Order. **If no Amended Complaint is filed, the Court will enter judgment dismissing the case without prejudice and close the case.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of March, 2014.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record